**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4930

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LARRY GENE HARRIS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Danville.  Jackson L. Kiser, Senior District Judge.  (5:05-cr-00008-jlk-12)

Submitted:  July 24, 2007          Decided:  July 26, 2007

Before WILKINSON, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Rena Berry, Roanoke, Virginia, for Appellant.  John L. Brownlee, United States Attorney, Anthony P. Giorno, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Gene Harris pled guilty pursuant to a written plea agreement to two counts of conspiracy to launder money, in violation of 18 U.S.C. § 1956(h) (2000) (Counts 7 and 10). The district court sentenced Harris to 132 months' imprisonment on Counts 7 and 10, to be served concurrently, three years of supervised release on each count, to be served concurrently, and ordered payment of a $200 statutory assessment. Harris appeals his sentence only, asserting error in the district court's factual determination of the amount of money attributed to him in the conspiracy and in its denial of his motion for downward departure due to his physical and mental condition. The Government claims Harris waived his right to appeal his sentence.[*] We affirm.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). The question of whether a defendant validly waived his

[*]Harris' plea agreement contained an express waiver as to the district court's factual findings as to the value of the laundered funds, and a comprehensive waiver of his "right of appeal as to any and all issues in this case. . .."

right to appeal is a question of law that we review de novo. <u>Blick</u>, 408 F.3d at 168. The record reveals, and Harris does not contest, that he knowingly and voluntarily waived the right to appeal. Moreover, the sentencing issues Harris attempts to raise on appeal fall within the scope of the waiver.

Accordingly, we affirm Harris' conviction and dismiss the appeal of his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART AND DISMISSED IN PART</u>